JOHN WATSON, PLAINTIFF IN CERTIORARI, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEW BRUNSWICK, AND JULIUS D. POSNER, DEFENDANTS IN CERTIORARI.

JOHN WATSON, PLAINTIFF IN CERTIORARI, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEW BRUNSWICK, AND JULIUS D. POSNER, DEFENDANTS IN CERTIORARI.

Argued July 2, 1909—Decided November 8, 1909.

Where a statute provides that an appointment to an office shall be made "at the first stated meeting after the passage of the ordinance" creating the office, an appointment thereto made at an adjourned session of the meeting whereat the ordinance was passed over the veto of the mayor, is not a compliance with the statute, since such adjourned meeting is but a continuance of the regular or stated meeting.

On *certiorari.*

Before Justices Swayze, Trenchard and Minturn.

For the prosecutors, *Alan H. & Theodore Strong.*

For the defendants, *Robert Adrain* and *Edwin C. McKeag.*

The opinion of the court was delivered by

Minturn, J.  The common council of the city of New Brunswick passed an ordinance on the 4th day of November, 1908, establishing the office of comptroller for that city, under the provisions of 1 *Gen. Stat., p.* 570, § 538, which provide as follows:

"That said comptroller shall be selected, in each city adopting said ordinance and establishing such office, by the city council of said city at the first stated meeting after the passage of the ordinance mentioned in the preceding section, and the person so elected shall hold his office for the term of three years, and until his successor is elected and qualified."

The ordinance was vetoed by the mayor, and passed over the veto at the first regular meeting in December, 1908, by the common council, and after due publication, as required by the city charter, became effectual as a law.

The regular meeting of December 7th was regularly adjourned to December 31st, and at that adjourned meeting the prosecutor here was elected comptroller for a term of three years.

At the first regular meeting in January of 1909, Julius D. Posner was elected by the newly-organized common council, and on January 4th, was again elected by resolution of that body, and Mr. Watson now prosecutes two writs of *certiorari* to test the legality of these resolutions under which Mr. Posner claims title to the office.

The test of legality under the statute is presented by an answer to the inquiry whether the election of Mr. Watson at the adjourned meeting held on December 31st was an

election held at "the first stated meeting after the passage of the ordinance."

· We think his election was premature, in view of the well-settled rule that an adjourned meeting is but a continuation of the meeting from which it was adjourned. *State* v. *Jersey City,* 1 *Dutcher* 309; *Flood* v. *Atlantic City,* 34 *Vroom* 530; *Stiles* v. *Lambertville,* 44 *Id.* 90.

The charter of New Brunswick (*Pamph. L.* 1863, *p.* 347, § 30) provides that in the event of a veto by the mayor of any resolution passed by the common council, such a resolution shall take effect only from the time it shall have been passed over the veto. The effect of this charter provision was to postpone the final passage of the ordinance, until the veto of the mayor had been overridden, at which time only could the ordinance become effectual; and as that meeting was also the meeting at which Mr. Watson's appointment was made, it is quite manifest that the appointment was in accord neither with the letter nor the spirit of the statute creating the office, and for that reason the writs of *certiorari* now before us should be dismissed.

We have reached this result upon the merits of the case, and without reference to the propriety of the remedy invoked, because the question was not raised in argument or in briefs of counsel.